IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02276-BNB

CORTEZ EDWARD WALKER,

    Plaintiff,

v.

JOE ORTIZ,
DEBRA FOSTER,
JIM MICHAUD,
RON LEYBA,
CATHIE HOLST,
JERRI GREEN,
DONALD LAWSON,
JOAN KOPRIVNIKAR, and
DOCTOR L. CABLING,

    Defendants.



ORDER GRANTING MOTION TO RECONSIDER AND DISMISSING CASE

This matter is before the Court on the motion Plaintiff Cortez Edward Walker submitted to and filed with the Court *pro se* on January 12, 2007, titled "Application Motion for Reconsideration and Declaration of Plaintiff Cortez Edward Walker, Pursuant to 42 U.S.C. § 1983 Civil Rights Violation Litigation Case." Mr. Walker is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Walker asks the Court to reconsider and vacate the Court's January 3, 2007, Order and Judgment of Dismissal. The Court must construe the motion to reconsider liberally because Mr. Walker is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

***Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be granted, and the action will be dismissed.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Walker filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). ***See Van Skiver***, 952 F.2d at 1243.

In the January 3, 2007, dismissal order, the Court denied Mr. Walker leave to proceed pursuant to 28 U.S.C. § 1915 (Supp. 2006) for his failure within the time allowed to show cause why he should not be denied leave to proceed pursuant to § 1915(g): (1) because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) because he fails to establish that he is under imminent danger of serious physical injury. The Court dismissed the complaint and the instant action without prejudice for Mr. Walker's failure within the time allowed to cure the designated deficiencies and for failure to prosecute. The Court specifically determined that Mr. Walker failed to submit a certified account statement and to submit sufficient copies of the complaint to serve each named Defendant. The reasons for the dismissal are discussed in detail in the January 3, 2007, Order and Judgment of Dismissal.

Mr. Walker contends that he was unable to obtain a certified account statement from his case manager, and that he previously informed the Court of this difficulty. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Walker has demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Although Mr. Walker failed to present any factual support for his contention that he was unable to obtain a certified account statement, the Court finds that he did at least notify the Court that he was having difficulty obtaining such a statement.

Therefore, the motion to reconsider will be granted. To the extent the January 3, 2007, order dismissed the complaint and the action without prejudice for failure within the time allowed to cure the deficiencies designated in the order filed on November 14, 2006, and for failure to prosecute, the dismissal is vacated. Instead, the complaint and the action will be dismissed without prejudice for Mr. Walker's failure within the time allowed to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g): (1) because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) because he fails to establish that he is under imminent danger of serious physical injury. Accordingly, it is

ORDERED that the motion titled "Application Motion for Reconsideration and

Declaration of Plaintiff Cortez Edward Walker, Pursuant to 42 U.S.C. § 1983 Civil Rights Violation Litigation Case," which Plaintiff Cortez Edward Walker submitted to and filed with the Court *pro se* on January 12, 2007, and which the Court has treated as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is granted. It is

FURTHER ORDERED that to the extent the January 3, 2007, Order and Judgment of Dismissal dismissed the complaint and the action without prejudice for Mr. Walker's failure within the time allowed to cure the deficiencies designated in the order filed on November 14, 2006, and for failure to prosecute, the dismissal is vacated. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice for Mr. Walker's failure within the time allowed to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g): (1) because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) because he fails to establish that he is under imminent danger of serious physical injury. It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff.

DATED at Denver, Colorado, this 30 day of Jan., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02276-BNB

Cortez Edward Walker
Prisoner No. 56375
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81002

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/31/07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk